# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ERROL OTIS PEYTON, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-cv-265-NAB |
| HOME DEPOT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Errol Otis Peyton, Jr., for leave to proceed herein *in forma pauperis*. (Docket No. 2). Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted.

## The Complaint

Plaintiff filed a complaint in this Court on January 23, 2017, alleging employment discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Named as defendants are The Home Depot, Shawn Scott, and Greg Stevens. Attached to the complaint is a copy of a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") dated October 24, 2016, a copy of a notice of right to sue from the Missouri Commission on Human Rights ("MCHR") dated December 15, 2016, and a copy of plaintiff's charge of discrimination form. Plaintiff alleges that the discriminatory conduct took place on February 24, 2016. He alleges that he was terminated for tardiness but younger employees were not terminated or disciplined for tardiness, and that he was passed over for full time employment in favor of younger employees. He also checked

boxes indicating that the terms and conditions of his employment differed from those of similar employees, and that he was subject to harassment.

In his complaint, plaintiff names his former employer, The Home Depot, and two individuals: Shawn Scott and Greg Stevens. The individual defendants' names appear only in the caption of the complaint. However, in his charge of discrimination form, plaintiff stated that "Sean Scott" was his immediate supervisor. For relief, plaintiff states that he feels he should be compensated.

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

In reviewing a pro se complaint under § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this rule does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113

(1993). In addition, pro se complaints must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**Discussion**

The ADEA makes it "unlawful for an employer...to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). Persons aged forty and over are protected by the ADEA. 29 U.S.C. § 631.

Having reviewed the complaint and the written documents submitted as exhibits thereto, Fed. R. Civ. P. 10(c), the Court determines that plaintiff has stated a claim against The Home Depot, and such claims will be allowed to go forward. However, plaintiff's claims against Scott and Stevens will be dismissed. Plaintiff fails to allege that either of them personally engaged in any conduct that would violate the ADEA. In the charge of discrimination form, plaintiff identifies Scott as his supervisor, but he does not allege that Scott actually did anything to discriminate against him. In the complaint, the only place Scott's name appears is in the caption of the complaint. Plaintiff refers generally to his "supervisor" and states that he was called into the office, and the later alleges that he "was let go that day 2-24-2016." (Docket No. 1 at 5-6). Even assuming that supervisor was Scott, plaintiff's allegations that he was called into the office and his later allegation that he "was let go that day" fail to state sufficient facts allowing the conclusion that the supervisor directly participated in his termination.

Regarding Stevens, the only place his name appears is in the caption of the complaint. Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (*citing Potter v. Clark*, 497

3

F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

Plaintiff completed his complaint on a court-provided form, which specifically states that he is required to specifically describe the conduct he believed was discriminatory, and to describe how each defendant was involved in such conduct. The facts alleged simply do not give rise to a "plausible entitlement to relief" against Scott or Stevens under the ADEA, *Twombly*, 127 S. Ct. at 1967, and they will therefore be dismissed from this cause of action.

Even if plaintiff did allege sufficient facts against Scott, his claims against him are subject to dismissal because, as an individual, Scott cannot be held personally liable under the ADEA. Only "employers" are prohibited from discriminating against an employee on the basis of age. 29 U.S.C. § 623(a). Therefore, to state facts necessary to a potential finding of liability against a defendant, a plaintiff must assert that the defendant was an employer. The ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . [and] any agent of such person." 29 U.S.C. § 630(b).

The Eighth Circuit Court of Appeals has not explicitly decided whether individuals are "employers" that can be held liable under the ADEA. However, it has squarely held that individuals, including supervisors, may not be held individually liable under Title VII. *Bonomolo–Hagen v. Clay Central–Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (*citing Spencer v. Ripley County State Bank*, 123 F.3d 690, 691–92 (8th Cir. 1997) (*per curiam*)). Because the Eighth Circuit has determined that Title VII and the ADEA define "employer" in a "substantially identical manner," *Lenhardt v. Basic Institute of Technology, Inc.*,

4

55 F.3d 377, 380 (8th Cir. 1995), the Eighth Circuit would likely conclude that individual liability cannot be imposed under the ADEA. *See Stevenson v. Brod Dugan Paint and Wall Coverings*, 934 F. Supp. 1131, 1133 (E.D. Mo. 1996) ("although the Eighth Circuit has yet to definitely state that . . . individual liability cannot be imposed under . . . the ADEA, its holdings [in other cases] clearly indicate that such a holding will ultimately be made.")

In addition to *Stevenson*, other district courts within the Eighth Circuit have determined that co-workers and supervisors cannot be held personally liable under the ADEA. *See, e.g.*, *Lyons-Belisle v. American Wholesale Florists of Kansas City, Inc.*, No. 4:16-cv-00764-FJG, 2016 WL 4443186 at *3 (W.D. Mo. Aug. 19, 2016); *Bartunek v. eFrame, LLC*, No. 8:16CV69, 2016 WL 5854215 at *1 (D. Neb. Oct. 6, 2016); *Smith v. Bankers Life and Cas. Co.*, 519 F. Supp. 2d 964, 967 (S.D. Iowa 2007); *Wortham v. American Family Ins. Co.*, No. C01-2067, 2002 WL 31128057, at *4 (N.D. Iowa Sept.17, 2002) ("While the Eighth Circuit has not explicitly decided the issue, relevant case law strongly suggests that it would conclude that there is no individual liability under the ADEA."); *Kelleher v. Aerospace Community Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA."). Other circuit courts of appeals have reached similar conclusions regarding individual liability under the ADEA. *See, e.g., Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Csoka v. U.S. Government*, No. 94-1204, 1996 WL 467654, at *5 (7th Cir. Aug. 12, 1996) ("The ADEA, like Title VII, does not authorize individual liability claims...."); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993)

(referring to the numerosity requirement and noting, "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees").

The foregoing authorities are persuasive. The Court determines that, even if it could be said that plaintiff had stated sufficient facts to give rise to a plausible entitlement to relief against Scott, those claims would be subject to dismissal because Scott, as an individual, cannot be held personally liable under the ADEA.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Scott and Stevens are hereby **DISMISSED** from this cause of action. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant The Home Depot.

Dated this 25th day of January, 2017.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE