UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERROL OTIS PEYTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:17-cv-265-NAB |
| v. | ) |
| | ) |
| HOME DEPOT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Errol Otis Peyton, Jr., proceeding *in forma pauperis*, for the appointment of counsel. (Docket No. 4). The motion will be denied without prejudice.

The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Once the plaintiff alleges a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim. He has filed an articulate and readily understood pleading which indicates that he is capable of clear expression and appropriate organization of content. He has also attached copies of documents filed with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights which demonstrate the same. Further, the request for counsel is premature, as The Home Depot has not yet been served, and no case management order has been entered. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Errol Otis Peyton, Jr.'s motion for the appointment of counsel (Docket No. 4) is **DENIED** without prejudice.

Dated this 27th day of January, 2017.

    /s/ Nannette A. Baker
NANETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE